**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

MATTHEW D. CARLSON,

        Plaintiff,

v.                                                     Case No. 08-C-751

CITY OF DELAFIELD,
MICHELE DE YOE,
JEFF KRICKHAHN,
BETH ANN LEONARD,
GERALD MAC DOUGALL,
and ERV SADOWSKI,

        Defendants.

---

## DECISION AND ORDER

---

        This civil rights action brought pursuant to 42 U.S.C. § 1983, with supplemental state law claims, was filed by the Plaintiff, Matthew D. Carlson ("Carlson"), a former employee of the City of Delafield ("Delafield"), against the Defendants Delafield; Michele De Yoe ("De Yoe"); Jeff Krickhahn ("Krickhahn"); Beth Ann Leonard ("Leonard"); Gerald MacDougall ("MacDougall"); and, Erv Sadowski ("Sadowski") (collectively the "Defendants"). The matter is before the Court on Carlson's motion to compel (Docket No. 40) pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

### Motion to Compel

        Carlson seeks an order compelling Delafield to respond to interrogatories numbers one through nine and to produce numbers two through four of his Interrogatories and

Request to Produce to Delafield, and compelling De Yoe; Krickhahn; Leonard; MacDougall; and, Sadowski to respond to requests to produce numbers one through four addressed to them. The Defendants oppose the majority of the grounds of the motion to compel on procedural grounds and the remainder of the motion on substantive grounds, and request an award of the costs and disbursements, and reasonable attorney's fees incurred in responding to the motion.

The motion was filed on January 12, 2010. The deadline for the completion of discovery in the action was January 31, 2010. Thus, the briefing of the motion was not completed until after the close of discovery in this action. *See* Civil Local Rule 7 (E.D. Wis.) (setting forth the briefing schedule for motions other than those for summary judgment).[1]

## Meet and Confer Requirement

The Defendants maintain that, with the exception of the attorney-client privilege issue pertaining to discussions during closed sessions of the Delafield Common Council on November 5, and November 19, 2007, Carlson has failed to comply with the requirement that he meet and confer with them in a good faith effort to resolve the discovery dispute prior to filing the motion to compel. A meaningful and sincere pre-filing conciliatory conference is a requirement of Rule 26(c)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 37.1 of the Eastern District of Wisconsin, amended as Civil Local Rule 37.

---

[1] The District's Local Rules were amended as of January 26, 2010, and became effective on February 1, 2010. Although the motion was filed prior to their amendment, the briefing schedule is unchanged under the 2010 amendments of the Local Rules. *Compare* Civil L.R. 7.1 (E.D. Wis. 2003) with Civil L.R. 7(b)-(c) (eff. Feb. 1, 2010). Therefore, the Court will apply Local Rule 7 as amended in 2010.

The amended local rules are available on the District's website, www.wied.uscourts.gov. A copy of the rules will also be provided at no charge by the Office of the Clerk of Court, upon request in person or by mail.

With respect to the limited issues of the attorney-client privilege attendant to the two Delafield Common Council November 2007 closed sessions, review of the affidavits of the parties establishes that the filing of the motion was preceded by a conference between the parties during which they attempted to resolve the dispute without Court action and were unable to reach an accord. However, the meet and confer requirement was not satisfied as to the dispute over discovery of e-mails in the Defendants' possession that are ostensibly related to Carlson's claims.

The submissions of the parties reflect that counsel for Carlson was belligerent and antagonistic at the Carlson deposition. Carlson's counsel terminated the deposition when an e-mail was produced that he believed should have been produced in response to his discovery request for e-mails.

The termination of Carlson's deposition was contrary to Rule 30(c)(2) of the Federal Rules of Civil Procedure, which provides that an objection at the time of the examination must be noted on the record. Rule 30(c)(2) provides that, notwithstanding any objection, the examination still proceeds and the testimony is taken subject to the objection.

Furthermore, the written reactions of Carlson's counsel to the e-mail issue were hostile. Carlson argues that, notwithstanding the contentious tone of these exchanges, the conciliatory requirement of Civil Local Rule 37.1 was satisfied by the "countless communications" on the issue of Carlson's discovery requests in general and, subsequently, "the exchange of letters, emails and in-person conversations that took place between December 15, 2009[,] and the filing of this motion." (Carlson Reply Br. 1-2.) Carlson relies

on decisions issued in this District[2] holding that quantitatively fewer communications were sufficient to satisfy the meet and confer requirements of Civil Local Rule 37.1, the predecessor of current Civil Local Rule 37. *See Timbuktu v. Malone*, No. 05-C-0492, 2009 WL 497130, at *2 (E.D. Wis. Feb. 26, 2009) (holding that the plaintiffs' representation that they "made contact" with opposing counsel but no discovery demands had been provided was sufficient to satisfy the meet and confer requirement even through the means of communication was not specified); *Redmond v. Leatherwood*, No. 06-CV-1242, 2009 WL 4066610, at *2 (E.D. Wis. Nov. 20, 2009) (holding that one letter sent to opposing counsel by the pro se plaintiff was sufficient to satisfy the meet and confer requirement where the letter evidenced the desire to resolve the discovery dispute without Court involvement).

However, the quantity of communications is not dispositive; ultimately, the content and tone of the communications determine whether the attempt to conciliate was sincere and, thus, sufficient to satisfy the pre-filing meet and confer requirements. *See, e.g., Gross v. PPG Indus., Inc.*, No. 07-CV-982, 2009 WL 159261, at *1 (E.D. Wis. Jan 22, 2009) (holding that telephone and e-mail correspondence was insufficient to satisfy the discovery motion meet and confer requirements where the tone of those communications demonstrated a lack of sincere conciliatory effort). In this instance, having considered the content and tone of the proffered communications, the Court concludes that the conciliatory requirement of the federal and local rules requiring that parties attempt to resolve discovery disputes prior to filing a discovery-related motion has not been satisfied as to the e-mail issue. Therefore,

---

[2] The Court recognizes that district court decisions are not precedential and, therefore, are not binding upon it. *See Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009).

Carlson's motion is denied as to the e-mail issue because he failed to abide by the meet and confer requirements for discovery motions of the Federal Rules of Civil Procedure and the Civil Local Rules.

**Discovery Related to November 2007 Delafield Common Council Meetings**

The sole issue that the Court will address is the attorney-client privilege that relates to the two November 2007 closed sessions of the Delafield Common Council. As to those sessions of the common council, Carlson asks the Court to compel the Defendants to produce "information and documents responsive to [Carlson's] request pertaining to various meetings conducted by the City's Common Council." (Carlson Br. Supp. Mot. Compel 7.)

In response to Carlson's discovery request for information relating to those meetings, the Defendants asserted the attorney-client privilege. (Defs. Opp'n Br. 5.) Carlson characterizes the Defendants' refusal to comply with his discovery request as a "blanket" denial to produce such information or documentation because it pertains to closed session meetings contrary to the Wisconsin Supreme Court's decision in *Sands v. Whitnall School District*, 312 Wis. 2d 1, 754 N.W.2d 439, 455-56 (Wis. 2008). (Carlson Br. Supp. Mot. Compel 7-8).

However, *Sands* does not foreclose the applicability of "other recognized evidentiary privileges,"; e.g., the attorney-client privilege, to communications made during closed session meetings. *Sands*, 754 N.W.2d at 460. The attorney-client privilege protects confidential communications made between attorney and client for the purpose of securing legal advice. *United States v. BDO Seidman, L.L.P.*, 492 F.3d 806, 814-15 (7th Cir. 2007).

Here, the Defendants assert a privilege in relation to the closed session meetings only to the extent that communications occurred in those meetings that were between attorney and client. (Defs. Opp'n Br. 5.) The Defendants' position does not conflict with *Sands* insofar as they refuse to disclose communications or produce documents from the common council closed session meetings on the basis of attorney-client privilege.

Carlson contends that the Defendants must be withholding non-privileged materials from the closed session meetings simply because the Defendants have not produced any materials from those meetings. (Carlson Reply Br. 11.) However, Carlson offers no evidence in support of such contention. Instead, he urges the Court to infer "an impermissible absolute privilege concerning the closed session meetings" solely from the Defendants' assertion of attorney-client privilege with respect to the communications made in those meetings. (*Id.* at 10.) The Court declines to engage in such speculation.

Carlson also asks the Court to compel the Defendants to produce a privilege log. Review of the briefs and affidavits of the parties establishes that the Defendants agreed to produce a privilege log, but sought to resolve the existing discovery disputes before doing so. (Ryan G. Braithwaite Decl. ¶ 23; Ex. C, 4.) The Defendants have agreed to produce their privilege log, but were awaiting the resolution of this motion. The Court anticipates that, upon their receipt of this Decision and Order, the Defendants will promptly produce the privilege log to Carlson. In light of the foregoing, Carlson's motion to compel is denied.

**Reasonable Expenses**

Both parties have requested that the Court award reasonable expenses incurred in conjunction with Carlson's motion to compel. Rule 37(a)(5)(A) through (C) of the Federal Rules of Civil Procedure governs their requests. Generally, the Rule requires that the Court award to the prevailing party reasonable attorney's fees incurred in filing or defending a motion to compel discovery, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A). The parallel language in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and in Rule 37 indicates that the term "substantially justified" should be interpreted consistently in both provisions. *See United States v. Kemper Money Market Fund, Inc.*, 781 F.2d 1268, 1279 (7th Cir. 1986) (citing *Photo Data, Inc. v. Sawyer*, 533 F.Supp. 348, 352 n.7 (D.D.C. 1982)). A position taken by a party is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)).

The Defendants are the prevailing party. Carlson's failure to satisfy the meet and confer requirements with respect to the e-mail discovery dispute is blatant and lacks a reasonable factual basis. Moreover, Carlson's contention that the Defendants have improperly asserted the attorney-client privilege lacks a reasonable legal basis – it is not justified to a degree that could satisfy a reasonable person that it has a reasonable basis under the controlling Wisconsin case law. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

7

Carlson's motion to compel is not substantially justified and, he has not presented any other circumstances that make an award of expenses unjust. Accordingly, the Court awards to the Defendants the costs and disbursements, and reasonable actual attorney's fees incurred defending the motion to compel.

The Defendants must submit their itemized claim for such sums no later than May 10, 2010, together with supporting documentation. The request for attorney's fees must be presented in a format that includes the hourly rates of the attorneys who worked on the motion response and provides a sufficient factual basis for the Court to determine the reasonableness of the hourly rates of those attorneys, and the reasonableness of the time that they devoted to the response. Additionally, the Defendants must provide legal authority for the award of any claimed cost or disbursements. Carlson may respond to the Defendants' submissions no later than May 20, 2010. The Defendants may file any reply thereto no later than June 1, 2010.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Carlson's motion to compel (Docket No. 40) is **DENIED**.

The Defendants' request for reasonable expenses incurred in defending the motion to compel is **GRANTED**. The Defendants must submit their claim for such sums no later than **May 10, 2010.** Carlson may respond to that claim no later than **May 20, 2010.** The Defendants may file any reply thereto no later than **June 1, 2010.**

Dated at Milwaukee, Wisconsin this 21st day of April, 2010.

                                      **BY THE COURT**

                                      *s/ Rudolph T. Randa*
                                      **Hon. Rudolph T. Randa**
                                      **Chief Judge**