# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MATTHEW D. CARLSON,**

        **Plaintiff,**

**v.**                                    **Case No. 08-C-751**

**CITY OF DELAFIELD,**
**MICHELE DE YOE,**
**JEFF KRICKHAHN,**
**BETH ANN LEONARD,**
**GERALD MAC DOUGALL,**
**and ERV SADOWSKI,**

        **Defendants.**

---

## DECISION AND ORDER

---

By an April 21, 2010, Decision and Order, this Court awarded the Defendants,

the City of Delafield ("Delafield"), Michele De Yoe ("De Yoe"), Jeff Krickhahn

("Krickhahn"), Beth Ann Leonard ("Leonard"), Gerald MacDougall ("MacDougall"), and Erv

Sadowski ("Sadowski") (collectively the "Defendants") reasonable expenses incurred in

defending the motion to compel filed by Plaintiff Matthew D. Carlson ("Carlson"). As a

result, the Defendants filed a motion for attorney's fees seeking a total award of $4,281.00 in

attorneys' fees which includes $2,759.00 for pre-filing attorneys' fees, plus $1522.00 in

attorneys' fees incurred in responding to the motion to compel from the date of filing. The

Defendants state that the hourly rates charged by counsel, $155.00 per hour for Attorney Ryan

G. Braithwaite and $165.00 per hour for Attorney Raymond J. Pollen, are below the

Milwaukee, Wisconsin market rate for civil rights attorneys which is at least $250.00 per hour.

Carlson does not object to the $1,522.00 in fees for the Defendants' response to his January 12, 2010, motion to compel. However, he maintains that the award of any other pre-filling fees is not appropriate in this case, and he specifically objects to the fees incurred in late November 2009 for legal research and analysis regarding the potential for a motion to compel electronic discovery, because the work was done two weeks before the discovery dispute between the parties.

The Court's Decision and Order awarded the Defendants' reasonable request for reasonable expenses incurred in defending the motion to compel. The hourly rates charged by counsel for the Defendants is below the market average for civil rights litigation and is clearly reasonable. *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009). The time expended in defending Carlson's motion to compel beginning with its January 12, 2010, filing is reasonable and compensable. *See id*. Likewise, the Court deems that the work done by counsel beginning December 15, 2009, in response to the correspondence from Carlson regarding the discovery disputes was reasonable in terms of hours and is compensable as fees incurred in defense of the motion. *See id*. However, the 9.8 hours of work done on November 28, and 29, 2009, at a cost of $1,519.00, are not compensable because they precede the existence of the discovery dispute (*See* Trebatoski Aff. filed on Jan. 12, 2010 ¶¶ 15-19; Braithwaite Aff. filed on Jan. 28, 2010 ¶¶ 15, 26.) Therefore, the Court has subtracted $1,519.00 from the requested attorneys' fee award

2

of $4,281.00.  The Defendants are awarded $2,762.00 in attorneys' fees that they may recover from Carlson.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion for attorneys' fees (Docket No. 63) is **GRANTED** to the extent that they are awarded $2,762.00 in fees, and **DENIED** in all other respects.

Dated at Milwaukee, Wisconsin this 29th day of June, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**